UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIA ELENA MARRERO,

    Plaintiff,

v.                                                                                          Case No:   2:23-cv-00519-JLB-KCD

THE LAUNDRESS, LLC;
CONOPOC, INC. d/b/a UNILEVER
HOME & PERSONAL CARE USA,

    Defendant.

## ORDER

Plaintiff Maria Elena Marrero ("Ms. Marrero") sues The Laundress, LLC ("The Laundress") and Conopoc Inc. d/b/a Unilever Home & Personal Care USA ("Unilever") (collectively "Defendants"), alleging that she was injured when she used Defendants' contaminated laundry products.  (Doc. 1).

Before the Court is Defendants' motion to transfer this action to the Southern District of New York under either the first-to-file rule or 28 U.S.C.§ 1404(a).  (Doc. 11).  In the alternative, Defendants seek to stay this action.  (*Id*. at 19).  Plaintiff opposes Defendants' motion.  (Doc. 14).  The Court has also considered Defendants' reply filed in support of their motion.  (Doc. 17).

Having carefully considered the parties' briefs, the relevant legal authority, and for the reasons below, Defendants' motion to transfer venue to the Southern District of New York is **GRANTED in part**.

1

I.     **Factual and Procedural Background**

   a. **Ms. Marrero's Lawsuit**

The Laundress is a fabric care company that "manufacture[s] and sell[s] cleaning products, including detergents, household cleaning solutions, and shampoos." (Doc. 1 at ¶ 1). Unilever owns The Laundress. (*Id.*)

Ms. Marrero alleges that she was a "frequent user" of The Laundress' products, including the Signature Detergent, Fabric Conditioner, Delicate Wash, and Whites Detergent. (*Id.* at ¶ 2). Ms. Marrero claims that after using The Laundress' products, in July 2021, she became ill and was diagnosed with *Klebsiella aerogenes*, a bacterial infection. (*Id.* at 2 n.3; ¶ 3).

Thereafter, "[o]n or about December 1, 2022, Defendants recalled more than 8 million The Laundress laundry and household cleaning products due to contamination with harmful bacteria, including, *inter alia*, *Klebsiella aerogenes*, *Burkholderia cepacia* complex, and *Pseudomonas*." (*Id.* at ¶ 4). Plaintiff alleges that Defendants "manufactured, marketed and sold these detergents with harmful bacteria" and that they "knew or should have known of this contamination." (*Id.* at ¶¶ 5–6).

As a result of Defendants' alleged conduct, Ms. Marrero filed this lawsuit against Defendants on July 13, 2023. (Doc. 1).

   b. **Related Cases**

On November 23, 2022, approximately eight months *before* Ms. Marrero filed her case, another lawsuit, *Skillman v. The Laundress, LLC, et al.*, Case No. 1:22-cv-

2

10008 (JMF) ("*Skillman*") was filed in the Southern District of New York. (Doc. 11 at 6). The next day, on November 24, 2022, a related case, *Murphy v. Unilever United States, Inc.*, Case No. 3:22-cv-07468-TLT ("*Murphy*"), was filed in the Northern District of California. (*Id.*) In December 2022, two additional related cases were filed in the Southern District of New York: (1) *Ostenfeld v. The Laundress, LLC, and Conopco, Inc. d/b/a Unilever Home & Personal Care USA*, Case No. 1:22-cv-10667-JMF ("*Ostenfeld*"); and (2) *Forbus v. The Laundress, LLC and Conopco, Inc. d/b/a Unilever Home & Personal Care USA*, Case No. 1:22-cv-10760-JMF ("*Forbus*"). (*Id.*) On January 19, 2023, *Skillman, Forbus,* and *Ostenfeld* were consolidated under the case number associated with the first-filed *Skillman* case (the "Consolidated Case"). (*Id.*)

Thereafter, on April 4, 2023, the Northern District of California applied the first-to-file rule and transferred *Murphy* to the Southern District of New York. (*Id.* at 7; Doc. 11-3). *Murphy* was consolidated with the Consolidated Case. *Id.*

Since then, another related case, *Sites v. Unilever United States, Inc.*, Case No. BER-L-001599-23 ("*Sites*"), was transferred from the District of New Jersey to the Southern District of New York. (Doc. 11 at 7; Doc. 11-2). Because *Sites* is not a putative class action case, it remains on its own case track and is not part of the Consolidated Complaint. (Doc. 11 at 7).

The Consolidated Complaint and the *Sites* Complaint allege that the plaintiffs purchased and used the Laundress' "Fabric Conditioner," "Signature Detergent," and "Whites Detergent," among other of Defendants' products. (Doc.

3

11-1 at 1 n.1; ¶ 10; Doc. 11-2 at ¶ 31).  In both lawsuits, the plaintiffs allege that certain of the Laundress' products were "contaminated with bacteria such as *Burkholderia cepacia* complex, *Klebsiella aerogenes*, and multiple different species of *Pseudomonas*."  (Doc. 11-1 at ¶ 41; Doc. 11-2 at ¶ 43).  The plaintiffs in those lawsuits further allege that Defendants had knowledge of the risk of the products' contamination.  (Doc. 11-1 at ¶ 67; Doc. 11-2 at ¶ 54).

II. **Legal Standard**

Defendants' Motion to Transfer is predicated on two legal theories: the first-to-file rule, or alternatively, 28 U.S.C. § 1404(a).

The first-to-file rule provides that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit."  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (citation omitted).  "The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings."  *Allstate Ins. Co. v. Clohessy*, 9 F. Supp.2d 1314, 1316 (M.D. Fla. 1998) (citing *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993)).  In determining whether the first-to-file rule applies, courts consider "(1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues."  *Women's Choice Pharms., LLC v. Rook Pharms., Inc.*, No. 16-cv-62074, 2016 WL 6600438, at *2 (S.D. Fla. Nov. 8, 2016) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Beta Construction LLC*, 2010 WL 3789042, at *3 (M.D. Fla. Sept. 24, 2010) (citations omitted).  Where the rule applies, "the party objecting to

jurisdiction in the first-filed forum carr[ies] the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Id.* (quoting *Manuel* 430 F.3d at 1135).

In the alternative, Defendants move to transfer venue under 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." *Id.*

### III. Application of the First-to-File Rule

The first two elements of the first-to-file rule—the chronology of the actions and the similarity of the parties—are not at issue because: (1) Ms. Marrero does not dispute that the related cases described above were filed prior to her lawsuit; and (2) Ms. Marrero concedes that "the parties involved in the instant case are sufficiently similar to those involved in the Class Case." (Doc. 14 at 10). Therefore, the only issue is whether this lawsuit and the related cases involve sufficiently similar issues to warrant transfer under the first-to-file rule.

The first-to-file rule does not require that the complaints be "mirror-images" of each other; instead, "[w]hat is required is a similarity or an overlapping in subject matter." *Rudolph and Me, Inc. v. Ornament Cent., LLC.*, No. 8:11-cv-670-T-33EAJ, 2011 WL 3919711, at *3 (M.D. Fla. Sept. 7, 2011) (citing *Manuel*, 430 4 F.3d at 1135); *see also Strother v. Hylas Yachts, Inc.*, No. 12-80283-CV, 2012 WL 4531357, at *2 (S.D. Fla. Oct. 1, 2012) (explaining that "[a]ll that need be present is that the

5

two actions involve closely related questions or common subject matter. . . . The cases need not be identical to be duplicative") (citation omitted).

A comparison of the Complaint in this matter, the Consolidated Complaint, and the *Sites* Complaint reveals that there is sufficient similarity and overlapping subject matter to weigh in favor of transfer.  Indeed, all three cases involve the same products (Signature Detergent, Fabric Conditioner, Delicate Wash, and Whites Detergent)—all of which were manufactured by Defendants.  Furthermore, the lawsuits consistently allege that these products became defective by way of a bacterial contamination about which Defendants knew or should have known about.  This contamination allegedly caused the plaintiffs' injuries in each case. (Doc. 1 at 2 n.3; ¶ 3; Doc. 11-1 at ¶ 41; Doc. 11-2 at ¶ 43).

As such, Ms. Marrero's lawsuit and the related cases will involve common inquiries into Defendants' manufacturing methods, quality control, marketing efforts, and knowledge of the bacterial contamination.  The Court therefore finds that Ms. Marrero's lawsuit and the related cases involve substantially overlapping subject matter for the purpose of the first-to-file rule.

Despite these overwhelming similarities, Ms. Marrero argues that the issues presented by her lawsuit are different from the related cases for two reasons.  First, Ms. Marrero argues that her lawsuit (an individual action) differs from the Consolidated Case (a putative class action) because she "does not agree with the allegation in the Consolidated Complaint that the individual injuries she suffered are relatively small compared to the burden and expense of individual prosecution."

(Doc. 14 at 10–12). Ms. Marrero's argument is out-of-place because whether her claims should proceed as an individual action or be consolidated with the putative class action has no bearing on the first-to-file analysis. Instead, whether and to what extent the actions should be consolidated is properly decided by the transferee court. *Rodriguez v. Granite Servs. Int'l, Inc.*, Case No. 8:20-cv-2129-T-33JSS, 2020 WL 6784116, at *4–5 (M.D. Fla. Nov. 18, 2020) (stating that the transferee court would be able to determine whether the later-filed suit should be consolidated); *United States & Hamilton Roofing, Inc. v. Cincinnati Ins. Co.*, Case No. 6:20-cv-2360-CEM-GJK, 2022 WL 1800853, at *1–2 (M.D. Fla. Feb. 15, 2022) (same). Moreover, Ms. Marrero's argument further fails because it overlooks the earlier-filed *Sites* case is also an individual action.

Ms. Marrero also attempts to distinguish her lawsuit from the related cases because her illness was caused by *Klebsiella*, which is only *one* of the *three* types of bacteria that contaminated Defendants' products. (Doc. 14 at 12). Ms. Marrero contends that this is a key distinction because, in her view, the other related cases are "primarily" focused on the other two types of bacteria—*Burkholderia* and *Pseudomonas*. (*Id.*) The Court disagrees with Plaintiff's interpretation of the allegations in the related cases. Indeed, the Consolidated Complaint clearly alleges that the products were contaminated by *Klebsiella*, that the putative class was harmed by that contamination, and that serious health conditions can result from contact with *Klebsiella*. (Doc. 11-1 at ¶¶ 2, 41, 48, 137). What's more, the *Sites*

7

complaint expressly alleges that the plaintiffs' child became ill because of both *Pseudomonas* and *Klebsiella*. (Doc. 14 at 12; Doc. 11-2 at ¶ 35).

For the reasons set forth above, the Court finds that the issues presented in this lawsuit substantially overlap with the related cases and therefore this lawsuit should be transferred to the District Court for the Southern District of New York.[1]

### IV. Transfer Under 28 U.S.C. § 1404(a).

In the alternative, Defendants asks this Court to transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404. The Court need not address this argument "because application of the first-to-file rule is dispositive. *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013); *see also Rudolph*, 2011 WL 3919711 at *3 (noting that "because this Court has already determined that transfer is proper under the first-to-file rule, there is no need for the Court to address this alternative request").

*-Remainder of page intentionally left blank-*

---

[1] Additionally, Plaintiff has not proffered any "compelling circumstances" to warrant an exception to the first-filed rule. While Plaintiff points out (in the context of her 28 U.S.C. § 1404(a) transfer argument) that the Southern District of New York is a less convenient forum for her witnesses, that consideration must be balanced against the location of Defendants' witnesses and evidence, which is likely to be New York. (Doc. 14 at 13–14; Doc. 11 at 15). The Court therefore does not find Plaintiff's connections to Florida to be a "compelling circumstance" that warrants an exception to the first-filed-rule.

8

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED**:

1. Defendants' Motion to Transfer Venue to the Southern District of New York, or in the Alternative, Stay (Doc. 11), is **GRANTED in part** insofar as it requests a transfer of this case to the Southern District of New York. Any further or alternative relief requested in the Motion is **DENIED**.

2. The Clerk of Court is **DIRECTED** to **TRANSFER** this case to the United States District Court for the Southern District of New York.

3. The Clerk of Court is **DIRECTED** to terminate all pending deadlines, deny any pending motions as moot, and close this file.

   **ORDERED** at Fort Myers, Florida on <u>January 26, 2024</u>.

                                                                                    _____
                                                                                    JOHN L. BADALAMENTI
                                                                                    UNITED STATES DISTRICT JUDGE